# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LISA MAKI,

    Plaintiff,

    v.                                                Case No. 07-C-282

MICHAEL J. ASTRUE,
  Commissioner of the
  Social Security Administration,

    Defendant.

## DECISION AND ORDER RE: PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

On June 13, 2008, the plaintiff filed a motion for attorneys' fees plus costs in the total amount of $13,799.13, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Commissioner opposes the motion on the ground that the plaintiff has not met her burden of showing that her requested fees are reasonable.

There is no dispute that the plaintiff is a "prevailing party" since the court reversed the decision of the administrative law judge and remanded the case for additional proceedings. There also is no dispute that the plaintiff's application is timely.

The Commissioner does not challenge the plaintiff's assertion that his position was not substantially justified. Therefore, the sole issue to be addressed is the amount of attorneys' fees requested by the plaintiff. Plaintiff's counsel, Frederick J. Daley Jr., seeks attorney's fees for 17.8 hours of attorney time at $160.00 per hour in 2007 [$2,848.00], 2.85 hours of attorney

time at $167.50 per hour in 2008 [$477.38], 69.80 hours expended by a student law clerk at $100.00 per hour [$6,980.00], and 27.95 hours at $125.00 per hour [$3,493.75] spent by a law clerk with a J.D. degree. In addition, the total fee request includes .5 hour spent by Mr. Daley reviewing and enhancing the EAJA application and .75 hours "reviewing and tweaking" the reply brief. (Plaintiff's Reply in Support of her Petition for Attorneys' Fees at 13, n. 3). It also includes 5 hours spent by the law clerk with a J.D. preparing the EAJA application and drafting the reply brief. Id. at 13, n. 4.

The plaintiff has the burden of proving that fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Although Hensley dealt with attorney's fees under 42 U.S.C. 1988, the standard which it sets out is applicable to attorney's fee cases generally. See Commissioner, I.N.S. v. Jean, 496 U.S. 154, 161 (1990) (The court's task of determining what fee is reasonable under the EAJA "is essentially the same as described in Hensley"). Ruckelshaus v. Sierra Club, 463 U.S. 680, 691-92 (1983); see also, Hensley, 461 U.S. at 433 n.7.

The plaintiff must demonstrate the prevailing market rate and, if one is requested, show that a cost of living increase is warranted. Harris v. Barnhart, 259 F.Supp.2d 775, 781-82 (E.D. 2003); Hanrahan v. Shalala, 831 F.Supp. 1440, 1450 [E.D. Wis. 1993]). The movant bears the burden of producing satisfactory evidence of the prevailing market rate for the kind and quality of legal services rendered. Wonders v. Shalala, 822 F.Supp. 1345, 1347 n.11 (E.D. Wis. 1993) (citing Blum v. Stenson, 465 U.S. 886, 892 [1984]).

The plaintiff's attorney seeks an adjustment in attorney's fees based on an increase in the cost of living and justifies the increase by applying the Bureau of Labor Statistics "All Items" Consumer Price Index. (CPI). Use of the "All Items" figures provided by the CPI has been

accepted in this district and will be utilized in this case. See Harris, 259 F.Supp.2d at 782. Although opposing the motion for fees, the Commissioner does not dispute the utilization of the "All Items" figures or the plaintiff's attorneys' fee calculations. Therefore, this court will accept the plaintiff's attorneys' hourly rates.

The plaintiff states that the number of hours expended in litigating this case was not excessive and has been approved in other EAJA fee applications in social security cases in this jurisdiction. The plaintiff also notes that each case is unique, requiring sufficient time to review the record, to organize arguments and to prepare the necessary briefs. The plaintiff points out that, contrary to the defendant's assertion, 781 pages is a large administrative record and that the time spent revising the student law clerk's work was not inefficient or excessive. The plaintiff further asserts that the Commissioner pointed to no specific entries which he contends were excessive or non-compensable.

In challenging the plaintiff's fee request as excessive, the Commissioner points out that the plaintiff has not attempted to explain why the fees requested and the number of hours expended in this case are not excessive. The Commissioner asserts that the legal issues were not novel or complex in this relatively routine disability case and involved a transcript of only 781 pages. The Commissioner further asserts that the plaintiff's lead attorney has extensive experience litigating social security disability cases and that the number of hours spent on this case is significantly higher than in other similar cases. The Commissioner observes that the majority of the work performed on the initial brief in 2007, was done by a first year law student[1] and that the law clerk with a J.D. spent a large part of her time reviewing the draft and making

---

[1] In her reply brief, the plaintiff states that the student law clerk was a second year law student.

revisions. Although not objecting to the use of law clerks or new attorneys to assist in disability cases, the Commissioner asserts that the government should not be required to subsidize the training and development of a law clerk which he asserts appears to have occurred in this case. In addition, the Commissioner states that a number of the entries for which compensation is sought appear to be focused on administrative not legal matters and such clerical tasks are not generally compensable. The Commissioner also notes that the plaintiff's initial and reply briefs seeking review of the administrative law judges's decision were excessively long and repetitious.

The court has reviewed the plaintiff's fee petition and supporting brief, as well as the briefs submitted in the plaintiff's appeal of the administrative law judge's decision. By way of background, the Appeals Council had granted the plaintiff's request for review of her first set of applications for disability insurance benefits and supplemental security income and remanded these applications back to the administrative law judge for further proceedings and a new decision. In the interim, the plaintiff had filed a second set of applications for benefits. The hearing before the administrative law judge covered both sets of applications.

In seeking judicial review of the administrative law judge's decision, the plaintiff raised numerous issues. Plaintiff's counsel's briefs clearly articulated the issues, provided relevant case law and analysis in support of the plaintiff's position, and ultimately lead to a remand of the case.

The Commissioner generally objects to the number of hours expended by counsel litigating this case. Using a law student to research issues and to prepare drafts of briefs is not necessarily inefficient. The time spent by the student law clerk in this case is very lengthy. However, the Commissioner has not delineated what specific work he contends is duplicative or excessive. Review and editing of such work by an attorney generally results in a better work

-4-

product which is beneficial to the court and the parties. Given the procedural background of this case, numerous issues were raised by the plaintiff in her request for review. Under the particular circumstances of this case, the court cannot conclude that the hours spent litigating this action were excessive.

However, as the Commissioner states, time spent on clerical tasks generally are not compensable, although he does not delineate what tasks in the time logs the court should exclude from the fee calculation. Such general objections without supporting references to the time logs are not helpful to the court and could summarily be discounted.

Nonetheless, the court has conducted a review and concludes that the time counsel spent filing forms and documents with the court and drafting routine filings which generally are prepared by support staff are not compensable. These tasks require no specialized knowledge or expertise and are not generally included in the hourly attorneys' fees billed to a client. See e.g., Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999). Therefore, the senior attorneys' fee award will be reduced by .5 hours ($80.00) and the attorney clerk's time will be reduced by .90 hours ($112.50).

In sum, upon due consideration of the facts and circumstances of this case, the court concludes that the 20.15 hours of attorney time, the 27.05 hours of law clerk with J.D. time and the 69.8 hours of the student law clerk's time expended in litigating this case are reasonable. Therefore, taking the hours reasonably expended by attorneys Daley and Tom Bush multiplied by the maximum hourly rate of $125.00 set forth in the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412(d)(2)(A), adjusted for inflation and the amount of time spent by the student law clerk and the law clerk with a J.D., the total amount of attorneys' fees to be awarded

-5-

Case 2:07-cv-00282-PJG   Filed 10/29/08   Page 5 of 6   Document 32

is **$13,606.63**. Based on the agreement of the plaintiff, such award shall be payable directly to plaintiff's counsel.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for attorneys' fees plus costs pursuant to the Equal Access to Justice Act, as amended, 28 U.S.C. 2412, be and hereby is **granted**. (Docket #27). The plaintiff is awarded attorneys' fees in the total amount of $13,606.63. Based on the agreement of the plaintiff, such fee award shall be payable directly to plaintiff's counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter amended judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of October 2008

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge